The Chief Justice

delivered the Opinion of the Court.
In 1811, a parol partition was made among the heirs of General Benjamin Logan, deceased, of a tract of land upon which he had lived and died; and lot No. 8 was thus allotted to his son, John Logan, then the husband of the defendant in error.
In 1813, John Logan sold that lot of land to Francis Davis.
In 1815, the widow and heirs of the decedent, excepting William Logan, conveyed to the said William, the legal title to the entire tract which had been divided among them; and the conveyance shows that it was made in trust, for consolidating the several titles, so as to facilitate subsequent conveyances, of the several allotments, to persons who might buy from any of the heirs, their respective interest as defined by the partition.
Afterwards, to wit. in 1819, William Logan, in partial execution of that trust, conveyed to Francis Davis, lot No. 8, which had been previously sold to him by John Logan, and also lot No. 9, which had been allotted to Ann Logan, and lot No. 10, which had been allotted to Benjamin Logan. And the deed recited the fact, that the said John, Benjamin, and Ann, had sold their respective allotments to Davis, but did not show how much or what particular portion of the entire tract, as conveyed, and described by a comprehensive boundary, had been allotted to either John, Benjamin, or Ann.
A widow may be endowed of an interest in land which her husband held as a joint tenant; for the statute of this state, abolishing the jus ascrescendi (in which the reason of the common law rule was to be found) has, in effect, changed the law in that respect.
Nine heirs made a parol partition of a tract of land they had inherited; then, one of them received a conveyance from the others and the widow, of their respective shares—to enable him to make deeds to purchasers from any of the heirs. J. L—to whom lot No. 8 fell, had sold it, and the trustee conveyed it, with two other lots, to the purchaser, describing the boundaries of the entire tract, but not those of the three lots which were described by their numbers and the names of those to whom they were allotted.—The widow of J. L. (ten years after his death,) filed a bill for dower in his lot, No. 8; and showing those conveyances, and showing also, the boundaries of No. 8, by parol proof, as it was allotted to her husband, as stated in the deed to the trustee:—held that the deft. (the purchaser) is estopped by the deed to the trustee, under which he claims, and that to himself, from denying that the husband had such title, in law or equity, to that particular lot, in severalty, as entitled the widow to dower in it.
*186 John died in 1826; and in 1836, his said wife, who survived, filed a bill in Chancery, against Davis, asserting a right to dower in lot No. 8; which, upon the final hearing, the Court decreed to her.
In the revision of that decree—now sought to be reversed—two questions are presented for consideration.
The counsel for Davis insists: first, that the exclusive legal title to lot No. 8 never having in fact passed to John Logan, by any release from his co-heirs, his only legal interest was that of a joint tenant in the entire tract which had descended to himself and eight co-tenants, from their father; and that the widow of a joint-tenant is not entitled to dower; and secondly, that, if the defendant in error be entitled to dower, she should be endowed of her husband’s joint interest, as heir, and not of one third of lot No. 8.
First. Were it conceded that Davis can now deny that John Logan owned the exclusive right to lot No. 8.—still, even if John’s interest was only that of a joint tenant, his wife may, in our opinion, be entitled to dower in that joint interest. The jus accrescendi of the common law having been abolished in this State, the chief, if not the only, reason for the common law doctrine that the widow of a joint tenant was not dowable, has ceased to exist here; And the reason of the law ceasing, the law itself should also cease. There is here no more reason now for witholding dower from the widow of a joint tenant, than from the widow of a sole tenant. And such we understand to be the constructive and practical effect of the statutory abolition of the common law rule of survivorship among joint tenants of land.
Second. But though, without the aid of an estoppel, the facts, as now exhibited, may not show that John Logan was ever vested with the exclusive title to lot No. 8, yet, if Davis be estopped to deny that he had such title, the decree, as rendered, should not be reversed.
The conveyance to William Logan, reciting the fact, that there had been a partition, does not show how the allotments were made; but it acknowledges a trust for the benefit of each heir, distributively and exclusively. The conveyance by William Logan to Davis, recites that *187 the land which had been allotted to John Logan, was a portion of the larger tract conveyed by that deed, and that the residue of that tract consisted of the parcels allotted to two other heirs. Davis, thus holding under that conveyance, is estopped by its recitals, to deny that John Logan was seized of an exclusive beneficial title to one third of the lots or land embraced in the deed. If his title be admitted to have been only equitable, yet it arose from such an express trust as entitled his wife to dower, notwithstanding the conveyance to Davis, which estops him from denying that, under the deed to William, John was entitled, beneficially at least, to one third of the land conveyed by William to himself (Davis.)
The widow is entiled to rent of the dower withheld from her, after the filing of her bill.
Then, as the allotment of dower must be made out of the tract of land conveyed by William Logan to Davis, he has not, in our judgment, any right to complain, that the decree of the Circuit Court directed that it should be made out of that portion described as lot No. 8, and which, as the parol testimony shows, had been allotted to John Logan, and was, therefore, the parcel referred to in the joint conveyance to William Logan, and in his deed, also, to Davis. It does not appear that such ah assignment of Dower will be prejudicial to him. And moreover, as the dower must come out of the land conveyed to him by William Logan, the Circuit Court had a right, as we think, to make the assignment altogether out of lot No. 8, upon the parol proof that this was, in fact, John Logan’s lot, which Davis bought from him, and holds under the conveyance made to him, in consideration of that sale and of the allotment made in the partition.
We perceive no valid objection to the decree, as rendered, for rent accruing after the commencement of the suit.
Wherefore, the decree is affirmed.