## Davis *vs* Logan's Heirs.

ERROR TO THE SHELBY CIRCUIT.

*Covenants of warranty.   Dower.   Damages.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS case comes up on a decree in favor of Davis against the executor and heirs of Wm. Logan, rendered on his cross bill against them in the suit of Ann C. Logan against him, praying that dower might be assigned to her as the widow of John Logan, deceased, in a tract of 138 acres of land conveyed to Davis by Wm. Logan, but of which John Logan had been seized during the coverture.   The preliminary facts necessary to a full understanding of the present case, are stated in the case of *Davis* vs *Logan*, reported in 9 *Dana*, 185, on a writ of error to reverse the decree in favor of the complainant in the original bill.   The cross bill prays against the executor and heirs of Wm. Logan, that in case the original complainant should recover dower, they may be decreed to make compensation therefor, in damages, on the covenant of warranty in the deed of their ancestor.

. By decree on the original bill, the complainant therein recovered as dower, forty two acres of land, of which the possession was decreed to her, and also the rents thereon from the filing of her bill,   amounting  to $250; and by a subsequent decree  upon the cross bill,  the representatives of Wm. Logan were decreed  to  pay to  Davis, as damages  for  the  breach · of  the  covenant of warranty, $250 with interest from  the  filing of  the  original bill, from which time rent on the dower land had been decreed against Davis.   The Commissioner having in his report, estimated the value of the dower estate at $250,  regarding  it as commencing when the bill was filed, and taking into view the probable duration of the life of the dowress, and taking the land that is the entire fee in the forty two acres according to its value,  as sold by Logan.   Davis complains that the damages decreed are too small, and

CHANCERY.

*Case* 81.

*April* 22.

Case stated.

that the criterion taken for estimating them, is wholly erroneous. On the other hand, cross errors are filed alledging that the loss of the dower estate by the original decree, constitutes no breach of the warranty, and that if it does, the damages are too great and the criterion assumed too favorable to Davis.

The covenant in the deed of Wm. Logan is, "to warrant and defend against all superior claims, and that in the event of eviction or loss of any part thereof, by any paramount right, he will refund accordingly, of the purchase money with interest on the same." It seems to be supposed that a dower right, though it had attached, even as a complete right before this deed was made, is not a superior or paramount right within the meaning of the covenant. But the covenant is to warrant and defend the land in fee simple, that is the present and continued enjoyment of the land, against eviction by any superior or paramount right. Any right which commencing before the deed is not passed by it, but exists independently of it, and can be asserted with the effect of rightfully evicting the tenant under the deed, is a superior or paramount right in view of the covenant, and every such eviction is a breach of the warranty to the extent of the eviction. A valid right of dower though attaching to the title attempted to be conveyed, and which, whether inchoate or complete, subsists at the date of the deed, and may afterwards be successfully asserted against the right passed by the deed is, as far as it goes, superior and paramount to the right conveyed by the deed. The comparison indicated by the words superior and paramount, is not to be made *necessarily* and *exclusively* with the title of the grantor, as it subsists before the deed, but rather, and indeed always with that of the grantee, as held under the deed.

But without dwelling further on this point, which we regard as entirely clear, we pass to the question as to the criterion of damages. The covenant provides, in effect, that in case of partial eviction or loss, the purchase money, with interest, shall be refunded in proportion to the extent of the loss. The principal to be refunded is then, to bear the same proportion to the whole purchase money, that the loss by the eviction bears to the whole estate con-

veyed. In this case the loss is partial, not only in respect of the number of acres, but also in respect of the duration of the estate recovered; and as an eviction of a grantee in fee, from the whole tract for one year, under a lease paramount to his deed, would not be a total loss of the land entitling him to recover back the entire price, no more is the subjection of a part of the tract to the life estate of the dowress, a total loss of that part, entitling him to recover the entire price paid for it. His actual loss is the value of the life estate recovered. His remuneration under a covenant like that before us, must be exclusive of interest, the value of the estate recovered, estimated according to the price at which he purchased the land.

Assuming that the actual value of a life estate in a designated tract of land, of ascertained value, may be estimated more or less satisfactorily, either by reference to tables or by the opinions of persons of experience and observation, acquainted with the land and with the tenant for life, and that this estimated value of the life estate must bear some fixed proportion to the fee simple value of the same land, then by applying that proportion to the original purchase price of the land taken by the tenant for life, the proportional price or purchase money of the estate for life, will be ascertained. If an estate in land for the life of an individual, of a particular age and condition as to health and other circumstances, be worth a fourth or a third, or half or two thirds of the fee simple value of the same land, then the comparative value of the same estate will be found by taking the same proportional part of any assumed value of the same land. As the present actual value of the forty two acres of land assigned to Mrs. Logan, may be ascertained, and as the present actual value of the life estate may be estimated, the part of the purchase money to be refunded may be found by the following proportion. As the fee simple value of the forty two acres is to the value of the life estate therein, so is the sum paid by Davis for the purchase of the forty two acres to the principal sum to be repaid to him.

With regard to the third term of this proposition, that is, the sum paid by Davis for the forty two acres recovered by Mrs. Logan, it is proper to observe that as this quanti-

ty was allotted to her as one third of the tract formerly owned by her husband, and conveyed by Logan to Davis as lot No. 8, it may be assumed that its value, at the time of the sale to Davis, and in his purchase, was one third of the value of lot No. 8, although it is not precisely one third of the quantity. And if the entire value of lot No. 8, in the purchase of Davis, could not be more directly ascertained, it might be ascertained by taking the same proportion of the entire consideration mentioned in the deed of Logan to Davis, that the number of acres in lot No. 8, bears to the whole number of acres conveyed thereby. One third of the purchase money for lot No. 8, thus ascertained, will be the purchase money or warranted value of the forty two acres. In estimating the value of the life estate of Mrs. Logan, it should be regarded as commencing on the 1st of March, 1836, because from that day rents have been decreed to her, and therefore, there is on the one side a virtual enjoyment of the issues and profits, and on the other side a virtual eviction from them from that day, and the time elapsed from the said first of March to the making of the estimate, should be added to the estimated future duration of her life.

With regard to the interest upon the purchase money to be refunded; as Davis received the issues and profits of the land without charge or diminution, until the 1st of March, 1836, he cannot, in a Court of Equity, recover interest for any prior period; but as he pays rent from that day, there is virtually an eviction from that day, at least of the rents and profits, and he is entitled to interest from the same time. The covenant to warrant and defend, and in case of eviction to refund the purchase money with interest, is substantially satisfied by payment of the purchase money with interest from the time when the warranted title ceased to protect the covenantee in the enjoyment of the land, as ascertained by the judgment of eviction, or as fixed by its legal consequences.

The decree before us is based upon estimates directed by the Chancellor to be made in substantial accordance with the principles above stated, except as to the mode of ascertaining the contract price of the forty two acres of land. The Commissioner was directed to take as the

contract price per acre, of the forty two acres, the average price per acre, of all the land conveyed by Wm. Logan to Davis, to be ascertained by comparing the entire number of acres with the entire consideration mentioned in the deed; and upon that basis to estimate the value of Mrs. Logan's dower estate, commencing on the 1st March, 1836, when the bill was filed. He was also directed to report the actual value of the dower estate, commencing at the same time, which he reported at $700; but he was not directed to report the present fee simple value of the same forty two acres, and he did not report this item; Nor did he ascertain the contract price of the forty two acres, either as directed in the interlocutory decree or in the manner indicated in this opinion. But upon evidence that the land was worth, at the date of the deed, $6 66 per acre, reported that as the contract price, and reported the value of the dower estate as estimated upon that basis, at $250. The process by which this estimate was arrived at is not disclosed. But not only is there not enough in the record to show that it is probably correct, but there is enough to show that it is probably erroneous. The evidence that the land was worth $6 66 cents per acre at the date of the deed to Davis, applies to the entire quantity of 337 acres conveyed by that deed as well and as certainly as to the 138 acres which had belonged to John Logan, or to the forty two acres assigned to his widow for her dower. The consideration recited in the deed of $1,700 for the whole quantity of 337 acres, shows an average price of $5 04 cents per acre for the whole, which would make the contract price of the tract of 138 acres, out of which the dower is assigned, $695 52, and would make the forty two acres at the average price, worth only $211 68, in fee simple, or if the forty two acres be taken as equal in value to one third of the 138 acres, it would be worth upon these data, $231 84, in fee simple, as the contract price. And yet the Commissioner has estimated the life estate of Mrs. Logan in the same forty two acres, as worth $250 of the consideration paid, that is, the life estate is estimated as worth more in the contract than the fee simple was actually sold for. As there is no direct evidence of the price actually agreed

on and paid for the tract of 138 acres, and nothing to show that it was worth more than the adjacent land, it must be taken at the average of the whole quantity conveyed, to be ascertained from the face of the deed; and one third of its value thus ascertained being less than the $250 decreed as the value of the life estate, the decree is obviously excessive and erroneous.

Even if $6 66 cents could be assumed as the contract price per acre of the forty two acres assigned for dower, the whole price of that quantity would be but $279 72, of which sum $250 would be very nearly eight ninths; and we should be inclined, even upon this hypothesis, to think the estimate of the life estate flagrantly excessive. But we are not called upon to decide such a case.

If the Commissioner had reported the actual value of the forty two acres in fee, we might by the rule of simple proportion, have ascertained the amount proper to be decreed to Davis according to the other data which have been noticed. But this not having been done, the error in the decree cannot be corrected in this Court.

Wherefore, the decree is reversed and the cause remanded, with directions to ascertain by estimate, according to the principles stated in this opinion, the proportional value of Mrs. Logan's life estate in the forty two acres assigned to her as dower, considering the said forty two acres to be worth, in fee simple, just what they were rated at in the sale to Davis, which may be one third of the contract price of the tract of 138 acres, of which they are a part, and cosidering the said life estate as commencing on the 1st day of March, 1836, and to decree in favor of Davis, upon his cross bill, the sum thus ascertained, with interest thereon from said 1st day of March, 1836.

As this reversal is upon the cross errors assigned by Logan's representatives, they are entitled to their costs in this Court.

*Cates & Lindsey* for plaintiff: *McHenry* for defendants.