Evans J.
delivered the opinion of the Court.
There is no doubt that by the common law a wife was not entitled to dower in land of which the husband was seized in joint tenancy. In Park on Dower, 11 Law Lib. 38, it is said, in relation to cases where the husband had aliened in his lifetime, “By analogy to the cases of estates determinable on condition, or by title paramount, it might have been supposed that the title to dower would have been held subject only to be defeated by survivorship, lor there is no essential quality in the nature of a joint tenancy which would exclude the attachment of dower ab initio. But, for reasons which it is now difficult to discover, a distinction was admitted between the effects of different modes by which an estate may become defeated; and while, in most instances, the title to dower was held to attach, subject only to be determined by the avoidance of the estate out of which it was claimed, in others, the mere possibility of avoidance was held to avoid the title to dower, ab initio. This being the principle adopted, as to the possibility of survivorship upon a joint seizin, it was, at a very early period, determined, that if one joint tenant alien his share, his wife shall not be endowed, notwithstanding the possibility of survivorship is destroyed by the severance.” This I suppose would have been the settled law of this State, if the common law had remained unchanged by statute. By an Act, passed in 1734, a joint tenant may devise his share of the estate, and by an Act of 1748 he was authorized, by application to a Court, to have partition made, without the consent of his co-tenant. Before > that time, partition could only be made by assent.
By one of the clauses of what is- usually called the distribution Act, passed in 1791, (5 Stat. 163,) it is enacted that “ where any person shall be seized, at the time of his death, of any estate in joint tenancy, the same shall be adjudged to be severed by the death of the joint tenant, and shall be distri *70 butable, as if the same had been a tenancy in common.” By this Act it is clear that the right of survivorship is taken away. It is said by Preston, in his treatise on Estates, that a joint tenant is seized of the whole, for the purposes of tenure and survivorship, and of part, for the purposes of forfeiture'and alienation. But as the Act of 1791 has taken away the right of survivorship, I presume a joint tenant can be now considered as sized of the whole, for the purpose of tenure alone. Under this statement of the law, the question presented in this case, is whether the demandant is entitled to dower in the estate which her husband, in his lifetime, aliened to his co-tenant. .Blackstone says, (2 Com. 131,) “the wife shall be endowed of all lands and tenements of which the husband was seized in fee simple or fee tail, at any time during the coverture, and of which any issue which she might have had, might by possibility have been heir;” and in this definition Littleton and Coke, and all the authorities, agree. An estate in fee simple is one which descends, on the death of the owner, to his heirs at law. When, therefore, the Act of 1791 declares that on the death of a joint tenant his share shall be distributable as a tenancy in common, it, in effect, converted what before was only an estate for life, with a possibility of survivorship, into an absolute fee simple estate.
Was not the' estate which Zachariah Reed had in these lands exactly such an estate as the wife is dowable of, according to Blackstone’s definition ? It was an estate in fee simple, and might descend to his wife’s issue, as an inheritance.
After stating that where the seizin is but for an instant, to enable the husband to convey the estate, it is said, in 2 Blac. Com. 132, the widow may be endowed of all her husband’s lands and tenements, under the restrictions above mentioned, unless there be some special reasons to the contrary. Now the special reason given in all the cases, why a widow shall not be endowed of a joint tenancy, is that the surviving joint tenant, being already seized of the whole, is in, by prior title to that which the law casts upon her; and the same reason is given why the heir of the deceased tenant cannot take by inheritance. When, therefore, the Act of 1791 restores the heir to the inheritance, does it not necessarily restore the widow to her dower, as the reason for excluding both is precisely the same? In Haughabaugh v. Howell, 1 Tread. 90, one of the Judges, (Bay,) after stating that the survivor would take to the exclusion of the heir of the deceased tenant, says, very properly, I think, that “ it is the same with dowerand then goes on to express the opinion that the primogeniture *71 Act had effectually provided against the recurrence -of the ■evil in future. It is not pretended that the Act of 1791 does, in express words, give dower to the widow, as it does the inheritance to the heir. But all the rules of the common law are founded on reason, and it is a principle of universal application, that where the reason of a rule of law has ceased, the rule no longer exists. If the jus accressendi be the only impediment in the way of the widow’s taking dower, when that is removed, and the estate becomes such as all the authorities agree the wife is dowable of, I can see no reason for excluding her. It is certainly no satisfactory reason to say she is not entitled by the common law, when the reason 'for excluding her no longer exists: the only impediment has been entirely removed. I have been unable to find any case in which the question has been decided, whether the wife is entitled to dower when the jits accressendi has been taken away by statute; but I find that on account of this right of survivorship, estates in joint tenancy have not been much favored in court. In some cases the estate itself has been denounced in harsh terms, and in every case the courts have leaned against construing deeds and wills as creating joint tenancy, where they could be construed as creating tenancies in common.
So essential is the jus accressendi to the existence of an estate in joint tenancy, that some authors have doubted whether they could be separated. Blackstone says, (2 Com. 184,) the jus accressendi ought to be mutual; which, I apprehend, is the reason why neither the king or a corporation can be a joint tenant with a private person. For here is no mutuality: the private person has no chance of being seized of the entirety, by benefit of survivorship. But the accuracy of this is questioned by Christian, his editor, in a note. In a note to 4 Kent, 37, it is said, “In Indiana a joint tenant’s estate is abolished by statute ; so in Kentucky, (Davis v. Logan, 9 Dana, 186,) because the jus accressendi is abolished; and there is no good reason why this should not be the consequence in every State, where the doctrine of survivorship in joint tenancy is abolished.” The case of Davis v. Logan I have not seen. In Holbrook v. Finney, 5 Mass. R. 566, the question was whether the wife should have dower in land conveyed to the husband, who simultaneously mortgaged it to the grantor. In that case the Court held that she was not entitled ; but Chief Jus. Parsons said that “ by an Act, passed in 1783, which had been repealed, but was of force when these conveyances were executed, the right of survivorship was taken- away among joint tenants, and had enacted that *72 on the death of the joint tenant, the joint estate of which he was seized should descend to his heirs. In consequence of these provisions, the wife of a joint tenant is dowable, as, on the death of the husband, there could be no survivor who would be in on a title paramount to her claim of dower.”— Park, in his treatise on Dower, p. 39, in a note, says, “It is impossible to assign any reason why dower should not attach, subject to survivorship, but for the possibility necessarily incident to a joint estate and at p. 30, note m. it is said that the idea of the nonattachment of dower on a joint tenancy, is the result rather of the change of title produced by the survivorship, than of any original disability of a joint seizin to confer such a title, might be supported by several passages in the old books. I have not found any case where an intimation of an opinion is given that the wife is excluded from dower, for any other reason than that the survivor’s prior title excluded her’s. I think, therefore, I may fairly conclude that when the grand incident, as Jllackstone calls it, the jus accressendi, is taken away, there is nothing remaining in the nature of the estate, which will preclude the wife’s dower from attaching on the estate.
I do not mean to say, nor is it necessary to the decision of this case, that the estate in joint tenancy is abolished by the Act of 1791. The words of the Act are “ Where any person shall be seized at the time of his death," &c. which may seem to contemplate the existence of that estate up to the death of the tenant. I think it is very clear that the several Acts referred to have taken away all its incidents, except those which relate to the tenure. These may perhaps remain — such as that joint tenants may sue or be sued jointly. In all other respects an estate in joint tenancy is now an estate of inheritance, and subject to all the incidents of that estate. This was the only question about which any serious argument was made at the bar. On the others it is not necessary to express any opinion.
The motion is dismissed.
RichabdsoN, J. O’Neall, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion dismissed.