CASE 25—RULE TO ENFORCE PURCHASE OF LAND—OCT. 20.

# Napper v. Mutual Life Insurance Co. of Kentucky.

APPEAL FROM BULLITT CIRCUIT COURT.

1. DOWER—PARTITIONED LANDS.—Where lands have been voluntarily partitioned, the potential right of dower in the wives of the owners attaches to the lands respectively received and not to those conveyed by the deeds of partition.

2. UNRELEASED MORTGAGE AS A CLOUD ON TITLE.—An objection by a purchaser of land at judicial sale that there was a mortgage upon same which had not been released or relinquished in any way of record in the clerk's office, is not a valid objection where it appears that the mortgage had been paid and where the release of record was procured before the hearing of the objection.

3. SUMMARY PROCEEDINGS—JUDGMENT AGAINST PURCHASER BY SUMMARY PROCEEDINGS.—Where a purchaser at judicial sale refuses to execute bond, he may be proceeded against by rule summarily and it is proper in such a proceeding to render judgment against him for the difference between his bid and the amount the property sold for on re-sale, where such re-sale was for less than the original purchase.

CHAPEZE & HALSTEAD IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLANT.

1. The proper and necessary parties were not before the court nor made parties to the proceeding to sell the land, and are not

Napper v. Mutual Life Insurance Co. of Kentucky.

in any way parties to this suit nor the proceedings in this; that the parties owning an interest in said land were not made parties to the proceeding by which said land was sold nor those holding liens on said land.

2. The deed of J. M. Harned did not pass good title to the land when he mortgaged same to plaintiff, because the wife of J. H. Harned had not joined in the deed of partition. Davis v. Logan, 9 Dana, 186; 17 Am. & Eng. Ency. of Law, 676.

3. The title to the property was not good because it was encumbered by a mortgage to Ricketts which had not been released of record.

4. The judgment appealed from is defective and should be reversed because it does not describe the property sought to be sold. Meyer v. City of Covington, decided May 10, 1898.

5. The court had no jurisdiction to render judgment against appellant by summary proceedings. Civil Code, sec. 29.

WILLIAM MIX and STROTHER & GORDON for Appellee.

Counsel stated the questions presented by the record and upon the brief of appellant, as follows:

1. The land embraced in the mortgage and sought to be sold under the judgment, having descended to Joseph M. Harned, the mortgagor, and John H. Harned as joint tenants, with other lands, from their father and Joseph M. Harned and John H. Harned, having made partition between them and confirming this partition by deeds of conveyance, does the wife of John H. Harned, who signed and acknowledged the deed, though not being mentioned as a grantor, and consequently the conveyance as to her being defective, still have dower in the land so partitioned by her husband?

2. Does the fact that there was a mortgage to one J. E. Ricketts, which had been paid off and not released before the rule was taken, but was released after the rule was taken, and after the attention of the appellee was fully called to it by the response to the rule, constitute a cloud upon the title, and authorize the setting aside of the sale?

Against these contentions, counsel argued *seriatim* and in support of their argument, made the following citations: 17 Am. & Eng. Ency. of Law, 676; Davis v. Logan, 9 Dana, 185; Potter v. Wheeler, 13 Mass., 504; Lloyd v. Conover, 25 N. J. Law, 51; Wilkinson v. Parish, 3 Paige, 658; Totten v. Stuyvesant, 3 Edwards Chy. (N. Y.) 502; Page v. Hughes, 9 B. M., 117; Brassfield v. Burgiss, 10 Ky. L. R., 660; Lloyd v. Wagner, 93 Ky., 653.

CHAPEZE & HALSTEAD FOR APPELLANT IN A PETITION AND SUPPLEMENTARY PETITION FOR REHEARING.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Certain tracts of land belonging to J. M. Harned were sold under a judgment of the Bullitt Circuit Court to satisfy a judgment in favor of the appellee, Mutual Life Insurance Company of Kentucky. The appellant, Napper, became the purchaser, at the price of something over $6,-000, but refused to execute bond for the purchase money, as required by the judgment. The commissioner reported to the court the facts with reference to the sale of the property to the appellant, and the further fact that he had refused to execute bond for the purchase money. The appellee proceeded by rule against the appellant to obtain an order requiring him to execute the bonds for the purchase price of the lands, and that he be adjudged to be liable to the appellee for the amount of the purchase price, less the amount which the land should bring on a resale. To this rule the appellant filed a response, the sufficiency of which is involved on this appeal.

It appeared that the debtor, J. M. Harned, and his brother, J. H. Harned, became the owners, as joint tenants, through their deceased father, of certain tracts of land, and made a partition between themselves of the lands which they thus held. J. M. Harned took the land which was sold in these proceedings as his share, and the brother, J. H. Harned, took other lands, which they owned jointly. A deed of partition was made, but the wife of J. H. Harned did not appear in the deed as a grantor, but she signed and acknowledged it. Therefore it is contended that the title to the land was not perfect, because she had not relinquished her inchoate right of dower in the part which had been assigned to J. M. Harned. The wife had an

inchoate right of dower in the land held jointly by the brothers. J. M. Harned could have gone into court, and asked and obtained a partition of the land, without the consent of his brother's wife, and without being required to make her a party to the proceedings, and the title to land assigned to him in such a proceeding would not be clouded because she would take dower in the part which was assigned to her husband. If the land could be partitioned in the manner indicated, then the joint tenants could, by an agreement between themselves, avoid the necessity of a suit, and accomplish the same purpose. It is an incident to an estate in common that either tenant may be compelled to make partition. The wife of one of them, by her marriage, gains an inchoate right to dower, subject to such a contingency, by which her interest may be increased or diminished. This doctrine is supported by the opinions of many courts of last resort in the country. Potter v. Wheeler, 13 Mass., 504; Lloyd v. Conover, 25 N. J. Law, 51; Wilkinson v. Parish, 3 Paige, (N. Y.), 658.

We concede the claim of counsel for appellant that a widow may be endowed of an interest in land which her husband held as joint tenant. Davis v. Logan, 9 Dana, 185. But this does not militate against the views we have expressed.

It is not averred in the response that the Ricketts mortgage debt on the land had not been paid at the time the appellant became the purchaser of the property. It is, however, alleged that the mortgage had not been released or relinquished in any way "of record" in the clerk's office; but it may be true there had been no release of record of the mortgage, still, if the debt had been paid, it was not a subsisting lien upon the property. Besides,

pending the proceedings, it was made to appear that the mortgage had been actually released. The land was not incumbered by the lien held by Michael Tewell, J. F. Mullins, Martha Mullins and J. H. Harned. It was adjudged in Harned, &c. v. Mutual Life Insurance Co. of Kentucky, (opinion delivered Oct. 14, 1899), [53 S. W., 27], that the writing relied upon did not create a lien upon the property.

The judgment under which the appellant became the purchaser was rendered on proceedings had in this action against a previous purchaser on sale bonds which he had executed, and it was done by notice and rule in this action. It is contended that the court erred in summarily rendering the judgment under which the sale was made. The parties were before the court in that proceeding, and the judgment was not void. This court has held that such a proceeding can be had. It was said in Page v. Hughes' Heirs, 9 B. Mon., 115: "The chancellor has the power, after a failure of a purchaser of property sold by his order to pay for it, to order its resale, which may be for cash or on a credit, as the chancellor may deem most proper." It was said in Lloyd, Trustee, v. Wagner, Assignee, &c., 93 Ky., 653, [21 S. W., 337]; "We see no reason why the chancellor could not resell the property. It left the securities in the purchase-money bonds liable for any deficit, and it is the constant practice of courts of chancery to resell where the purchaser fails to pay."

We have noticed only such questions raised by the response as we deem necessary to be considered.

The judgment is affirmed.