## Norvell v. Paducah Box & Basket Company.

(Decided March 4, 1914.)

## Appeal from McCracken Circuit Court.

1. New Trial—Discretion of Judge.—A judgment setting aside a verdict and awarding a new trial will not be reversed unless it appears that there was an abuse of discretion on the part of the trial court.

2. New Trial—Order Granting—Reversal.—Where there are several grounds for a new trial, one of which is insufficient, and it does not appear from the record that the trial court, in awarding the new trial, acted upon the insufficient ground, but may have awarded the new trial upon other grounds which were sufficient, the order granting the new trial will not be set aside.

3. Master and Servant—Appliances—Defective—Duty of Employes To Inspect—Instructions.—While ordinarily the duty of inspection does not devolve upon an employe unless the inspection is a part of his duty, yet where there is evidence tending to show that inspection is in the line of the employe's duty, an instruction is not erroneous which tells the jury that if they believe plaintiff was the night foreman in defendant's factory and under his employment as such it was his duty to inspect the appliances complained of, and he failed to exercise ordinary care in doing so, they should find for the defendant.

DAVID BROWNING, HENDRICK, CRICE & NICHOLS and IRENE K. ROBERTSON for appellant.

W. A. BERRY, BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, J. F. Norvell, brought this action against defendant, Paducah Box & Basket Company, to recover damages for personal injuries. Two trials were had. On the first trial he recovered a verdict and judgment for $2,500. A new trial was granted. On the second trial there was a verdict and judgment in favor of defendant. Plaintiff filed a motion for a new trial, and moved the court to set aside the verdict and judgment on the second trial and substitute therefor the verdict and judgment entered on the first trial. These motions were overruled, and plaintiff appeals.

According to the evidence for plaintiff, he was night foreman in defendant's establishment. He went to work at six o'clock p. m., and it was his duty to oil up the engine and machinery, get things in shape and start the

dry kiln, see that the kiln was properly run and the material properly dried. He also admitted that it was his duty to fix anything that got out of order, and if he could not do it, to report to the day foreman. While attending to his duties, a belt, the sections of which were fastened together by hooks, gave way at the place where it was fastened, and the end of the belt struck him. One of the hooks was driven in his back, another through his arm near the elbow, and three of his ribs were injured. He was confined in the hospital and his home from August 8th up until about ten days before the trial, which was on November 16th. His elbow was rendered stiff by the accident. After the accident the muscles in his legs and back would cramp and jerk. His physician testified that he found plaintiff in a state of hysteria, and that it was necessary to administer an anaesthetic to place a plaster cast around his back. He also testified that there was some rigidity in the elbow on account of the hook being driven into it. Plaintiff also proved that he had fallen off considerably in weight.

On the first trial defendant did not introduce any testimony. On the second trial its evidence was to the effect that it was the duty of plaintiff to examine the machinery and see that everything was all right. If not all right it was his duty to fix it. If he could not fix it, he was to report to the day foreman. The sections of the belt were fastened together by a patented hook which was universally regarded as first class. Defendant further proved that plaintiff's injuries were very slight, and it was evident that he was malingering. He would frequently call for a physician, and though apparently suffering a great deal, he would be quieted by an injection of water.

Plaintiff insists that the trial court abused its discretion in granting a new trial. In view of the fact that the trial judge is necessarily present at the trial, sees the parties and the witnesses, and hears them testify, and is therefore in a better position than we are to judge of the real merits of the case and to determine the propriety of the jury's finding, it is our invariable rule not to interfere with his action in granting a new trial unless it appears that he abused his discretion. Chenoa-Hignite Coal Co. v. Philpot's Admr., 152 Ky., 385; Floyd v. Paducah Ry. Co., 23 Ky. L. Rep., 1077; Miller v. Ashcraft, 98 Ky., 314; Brown v. L. & N. R. R. Co., 144 Ky.,

546; Wilhelm v. Louisville Ry. Co., 147 Ky., 196; Pack v. Camden Interstate Ry. Co., 154 Ky., 535. While admitting that this is the general rule, plaintiff insists that this case comes within the well known exception that where the grounds for granting the new trial appear, and it is clear that a new trial was granted because the trial court took an erroneous view of the law of the case, the order granting the new trial will be set aside. L. & N. R. R. Co. v. Ricketts, 21 Ky. L. R., 662, 52 S. W., 939; Crowley v. L. & N. R. R. Co., 21 Ky. L. R., 1434, 55 S. W., 434; Richards v. L. & N. R. R. Co., 20 Ky. L. R., 1478, 49 S. W., 419. In this connection it is insisted that when the case was first called for trial Dr. Reddick, one of defendant's witnesses, was absent. Thereupon defendant filed an affidavit for continuance. As no steps were taken for the compulsory attendance of this witness, who was a physician, as required by Civil Code, section 556, nor any effort made to take the witness' deposition, the court declined to permit the affidavit to be read as the deposition of the witness. On its motion for a new trial defendant supplemented its grounds by the affidavit of this physician. Plaintiff insists that this was improper, and that the propriety of the trial court's action in refusing to permit the original affidavit to be read as the deposition of the absent witness should have been determined by the affidavit as filed, and the diligence then shown, and not by the supplemental affidavit filed with the grounds for the new trial. If this were the only ground for a new trial, there might be some merit in plaintiff's contention. Several grounds, however, are assigned. The precise grounds on which the court based its action in granting the new trial do not clearly appear, and it cannot be said that the court erred in a mere matter of law. As a matter of fact the instruction on the measure of damages is incorrect, and it may also be true that the court concluded that the damages allowed were excessive. In view of this condition of the record we cannot say that the court abused its discretion in granting a new trial.

Lastly, it is insisted that the court erred in instruction No. 1. This instruction authorized a finding in favor of plaintiff if the jury believed certain facts therein set forth, unless they believed from the evidence that plaintiff knew of the dangerous and defective condition of the belt, or in the course of his employment by ordi-

nary care could have discovered said defects and dangers, or that he was the night foreman in said factory and under his employment as such it was his duty to inspect the appliances and belt complained of, and he failed to exercise ordinary care in doing so, in any of which events they should find for defendant. It is argued that these defenses were not presented by the pleadings, but on the contrary it was the contention of the defendant that the defects in the belt were latent, and it could not have known of such defects by the exercise of ordinary care. Plaintiff, however, predicated his case on the fact that the unsafe and dangerous condition of the belt was known to the defendant, or could have been known to it by the exercise of ordinary care, and was not known to plaintiff and could not have been known to him by the use of ordinary care. If his evidence was sufficient to show that defendant knew or in the exercise of ordinary care could have known of the defective condition of the belt, the same evidence was sufficient to take the case to the jury on his actual or imputed knowledge of the defective condition of the belt. Ordinarily, of course, the duty of inspection does not devolve upon an employee unless inspection is a part of his duty. In this case there was evidence tending to show that inspection was in the line of plaintiff's duty. That being true, we find no prejudicial error in the instruction complained of.

Judgment affirmed.