## Clark v. Bean.
(Decided Feb. 12, 1937.)

VERT C. FRASER and EDWARD D. STONE for appellant.

CHARLES FERGUSON and WITHERS & LISMAN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Appellant, W. G. Clark, filed this suit in the Web-

ster circuit court to recover damages in the sum of $10,000 from his mother-in-law, Mrs. Katie Bean, for the alleged alienation of the affections of his wife. Upon the first trial of the case a verdict was returned in favor of appellant in the sum of $1,000. A motion for a new trial was sustained, and upon a retrial the jury returned a verdict for the defendant. Appellant moved the court to substitute the verdict of the jury and the judgment thereon upon the first trial in lieu of the verdict and the judgment rendered upon the second trial, and this motion was overruled. Thereupon this appeal was prosecuted from both the order sustaining appellee's motion and grounds for a new trial and the judgment rendered upon the second verdict. No motion and grounds for a new trial were filed as to the second judgment, so far as the record discloses, and the bill of exceptions contains simply the evidence heard on the first trial—indeed, not all of that.

Appellee has made various motions on technical grounds to dismiss the appeal and to strike the bill of exceptions, which we do not deem it necessary to consider. The only material question presented is whether or not the trial court erred in granting appellee a new trial after the first verdict and judgment.

Appellee's motion and grounds for a new trial set out numerous alleged errors occurring on that trial, several of which, if true, fully justified the action of the trial court in sustaining the motion. The narrative form of the bill of exceptions fails to disclose whether some of these points were properly raised at the trial or not. Appellant contents himself with the claim in his brief that the new trial was granted entirely on the ground of misconduct of his attorney during the trial of the case and in his argument to the jury. Whether the court sustained the motion for a new trial on the ground of this alleged misconduct or on the ground of the incompetent evidence alleged to have been introduced over the objection and exception of the defendant, or upon some other ground, we are unable to discern from the record. Certain it is that the trial court was in a better position to determine the propriety of granting a new trial, having heard the evidence and arguments, of which we have only the substance, than are we.

Conceding arguendo that we are at liberty to con-

sider the propriety of the second judgment in the absence of a motion and grounds for a new trial, and conceding likewise that the only ground on which the new trial was granted was the misconduct of appellant's counsel, it is still apparent that the action of the trial court was within the bounds of his broad discretion in passing on motions of this character. Circuit courts have a wide discretion in passing on motions for a new trial, and, unless that discretion is abused, their action will not be disturbed on appeal. Especially is this true where a motion for a new trial is granted, as this court is "somewhat more reluctant" to reverse a judgment granting a new trial than it is a judgment overruling such motion. Goff v. Hubbard, 217 Ky. 729, 290 S. W. 696, 50 A. L. R. 1382; Louisville & I. R. Co. v. Pulliam's Adm'x, 259 Ky. 82, 82 S. W. (2d) 191. In Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966, 969, the same argument was advanced as that now insisted on by appellant, and very much the same situation was presented. In refusing to disturb the action of the trial court, it was said:

"The court has a wide discretion in granting new trials, and that discretion will not be interfered with by this court unless a manifest injustice has been done one of the parties. Strode, Executrix, v. Strode, 194 Ky. 665, 240 S. W. 368, 27 A. L. R. 313. One of the grounds for a new trial after the verdict of the jury at the first trial was that the attorney representing the county made an improper argument to the jury. It was near the border line of what is proper or improper, and for that reason we cannot hold that the trial judge abused a sound discretion in granting a new trial."

Brushing aside all other questions and considering simply the point which appellant himself considers to be properly raised, it is apparent that the action of the trial court in granting a new trial in the situation here presented was not an abuse of discretion, and cannot, therefore, be disturbed on appeal. Horton v. Herndon, 254 Ky. 86, 70 S. W. (2d) 975; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S. W. 54; Liverpool & London & Globe Ins. Co. v. Wright et al., 158 Ky. 290, 164 S. W. 952.

Judgment affirmed.