O’NIELL, Chief Justice.
 

 The appellees have moved to dismiss this appeal on the ground that the record was not filed in this court on or before the return day, or within the three days of grace allowed by law. In the order granting the appeal the judge made it returnable on Monday, the 29th day of May. The last one of the three days of grace, therefore, was Thursday, the 1st day of June. Code Prac. arts. 587, 589, 883. The record, or transcript, bears the filing by a deputy clerk of court dated Monday, June 5; and there is no doubt that the filing was actually written on the record on that day, and not before. In response to the motion to dismiss the appeal, the attorney for the appellant has furnished an affidavit made by his stenographer showing that she brought the transcript to the office of the clerk of this court, with a check for the filing fee, on the afternoon of Thursday, June 1, about the end of the office hours, and in fact a short time after the office was closed for the day. According to the affidavit, a man whom the stenographer believed to be the clerk of court opened the door, in response to her knock, and she handed him the transcript and the check for the filing fee, ¿with the request that the transcript should be filed. The statements made in the affidavit are supported by the date of the check, and by the entry of the amount of the check in the books of the attorney for the appellant. The one who was clerk of this court at the time when the transcript was filed has furnished an affidavit stating that he was in the clerk’s office on Thursday, the 1st day of June, but that he does not remember the hour at which he left the office that afternoon; that he has no independent' recollection of receiving the transcript from the appellant’s attorney’s stenographer ; but that he would not deny that he did receive it, as stated in the affidavit of the stenographer. The affidavit of the former clerk of court is a very frank statement, which leaves undenied the affidavit of the stenographer — that the transcript was delivered in the clerk’s office on the 1st day of June. The deputy clerk who actually filed the transcript on Monday, June 5th, has not a distinct recollection as to how it came into his possession. It is very natural
 
 *861
 
 that a clerk who receives ancj files many similar documents or records from day-to day, and who has no special interest in any one of them, should not have an independent recollection of the filing of any particular record after the lapse of four months or more. It is quite likely that the deputy clerk, in this instance, finding the transcript on his desk on Monday, June 5, assumed that it was brought there that day, and hence he filed it as of that date. Besides the Sunday, a legal holiday — Confederate Memorial Day — intervened between Thursday, the 1st, and Monday, the 5th day of June. Hence the clerk’s office remained closed during two of the three intervening days. That fact lessens the improbability that the transcript, which was not actually filed until Monday, the 5th, was received in the clerk’s office on Thursday, the 1st day of June. We have concluded, therefore, that the affidavit of the stenographer of the appellant’s attorney, — 1 saying that the record was delivered to some one in authority in the clerk’s office on the 1st day of June, — being uncontradicted and in some measure corroborated, — must prevail over the presumption that the record was received on the day on which it was filed.
 

 The authority of this court to consider and give
 
 effect to
 
 the affidavits filed in response to the motion to dismiss the appeal is conferred by that provision in Section 10 of Article VII of the Constitution 1921, which confers ' upon this court “original jurisdiction for the determination of questions of fact affecting its own appellate jurisdiction in any case pending before it.”
 

 It is well settled, of course, that the responsibility for the- filing of a transcript of appeal in the appellate court within the time allowed by law rests'upon the appellant only. But, by the filing of the transcript, we mean the delivery of it, with the filing fee, and the proper request, to the clerk or a deputy clerk of the appellate court. If the appellant entrusts some one else to deliver the transcript' to the clerk of the appellate court, the one so entrusted becomes the agent for the appellant, and if the agent neglects or fails to deliver the transcript within the time allowed - by law the appellant must bear the consequence of the failure or neglect. Kirkland v. Edenborn, 140 La. 669,
 
 73
 
 So. 719; Gann v. Ruston State Bank, 155 La. 283, 99 So. 221. But the appellant in this case is not trying to justify a failure to deliver the transcript to the office of the clerk of the appellate court within the time allowed by law. She is showing that she did deliver the transcript within the time allowed by law. When an appellant shows that the record or transcript was delivered to the clerk of the appellate court or to one of his deputies within the time allowed by law, together with the filing fee, and with the request that the record be filed, the appeal should not be dismissed on the ground that the filing was not endorsed upon the record before the expiration of the time allowed by law for the filing of the record. Sanders v. Wyatt, 187 La. 80, 174 So. 161; Red River Construction Co. v. Nordstrom, 10 La.App. 474, 120 So. 655.
 

 The motion to dismiss the appeal is overruled.