## Sickmeier et al. v. Merchants & Mechanics Loan & Building Ass'n of Newport.

June 16, 1942.

T. W. Hardesty for appellants.

John W. Heuver for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In March, 1935, the appellee, the Merchants and Mechanics Loan and Building Association of Newport, Kentucky, filed suit against the appellants, Louis C. Sickmeier and wife, to recover $3,989.41 and interest, and to enforce a mortgage on certain real estate. It was alleged that the sum claimed was a balance due on a note

executed to the plaintiff by Hannah O'Krent and David O'Krent, and the property securing it had been subsequently conveyed to the defendant, Louis C. Sickmeier, who had assumed the obligation. Copy of the deed was filed as an exhibit and it so states. The answer denied the assumption of the debt. The plaintiff's motion to strike it and each paragraph was never acted upon and no proof was taken. Judgment was rendered on November 19, 1938, in accordance with the prayer of the petition. The property was ordered sold for one-third cash and the balance payable in 6 and 12 months. The master commissioner reported the sale to the defendant Sickmeier for $3,510, but the report did not show that he had paid anything or had executed the bonds. The report was confirmed on motion of the master commissioner. In January, 1939, the purchaser's motion for a "deed, leave and writ and to pay before maturity" was sustained, but nothing was done under it. In April following the plaintiff moved for a rule against the purchaser to show cause why he should not be punished for contempt for failing to comply with the terms of the sale by paying cash and executing the bonds. It does not appear that he was served with the rule or had any notice thereof. On May 24th the plaintiff filed a statement in support of its motion setting forth the purchaser's failure to comply with the terms of the sale and moving for an order of re-sale. There was no response or objection, and on June 5, 1939, the court ordered a re-sale of the property. The plaintiff became the purchaser for $3,000 and in due course the report of sale was confirmed and suitable orders settling the matter were entered.

On June 3, 1941, Sickmeier and wife prayed an appeal to this court, the statement of appeal reciting:

"This is an appeal from the Campbell Circuit Court from a judgment entered on the 5th day of June, 1939, for the sum of $3,989.40, with interest from the 28th day of May, 1937, and costs."

The appellee has moved to dismiss the appeal because it was not filed within two years as required by Section 745 of the Civil Code of Practice, and because the statement of appeal does not conform to Section 739 of the Code and our rules, in that it does not state the term of the court or day of the term when the judgment appealed from was entered or the page of the record

upon which it may be found. The appellee also moves to dismiss the appeal as a delay case. Section 759, Civil Code of Practice.

The appellants' brief is devoted to a claimed error in entering the judgment of November 19, 1938, without any evidence having been submitted on the traversed plea of the assumption of the debt by the defendant. It will be noted that the statement of appeal refers to the judgment as having been entered on June 5, 1939. That was the order of re-sale. The original judgment of November 19, 1938, was final and the appeal as to it was too late to give this court jurisdiction, even if we should overlook the faulty statement of appeal. Johnson v. Beattie, 265 Ky. 264, 96 S. W. (2d) 762. We consider the appeal as being brought from the order of re-sale and it was filed one day short of the limitation period.

The order of re-sale was proper. Napper v. Mutual Life Ins. Co. of Kentucky, 107 Ky. 134, 53 S. W. 28, 21 Ky. Law Rep. 791, 62 Am. St. R. 340. While, as stated, it does not appear that the purchaser was served with the rule or had notice of the motion, yet he is not in position to rely upon that omission, for he was a party to the suit and required to take notice of the proceedings. He well knew that he had not complied with the terms of the sale and it was not the duty of the court to hunt him up and tell him so. Fenley v. Tyler, 37 S. W. 679.

The motions to dismiss the appeal and affirm as a delay case are overruled.

The judgment is affirmed on its merits.