## Bobbitt v. Cundiff et al.

Nov. 16, 1943.

As Modified on Denial of Rehearing

Feb. 29, 1944.

R. C. Tartar for appellant.

B. J. Bethurum and Neil G. Sullivan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part, and reversing in part.

This appeal is from an order entered March 2, 1940. According to the clerk's endorsement on the record it was filed in this Court on March 2, 1942. This being more than the two years allowed under section 745 of the Civil Code of Practice for taking an appeal, the appellees have filed a motion to dismiss it. In reponse to appellees' motion the attoney for the appellant has filed his affidavit stating he brought the record to the clerk's office in person, together with his check for the filing fee, on February 27, 1942. The affidavit also states that the records of the Quarterly Court of Pulaski County show that the attorney, who is County Judge of Pulaski County, held court there on February 28th, and again on March 2, 1940, the date on which the record is purported to have been filed in this Court. The statements made in the affidavit as to the date are supported by the date of the check which is February 27, 1942. There is also filed the affidavit of the appellant to the effect that he inquired at the office of his attorney

on February 27, 1942, as to whether his appeal had been filed and was informed by someone that his attorney was that day in Frankfort. The man who drove the attorney to Frankfort also filed an affidavit stating that, "sometime about the last of February, 1942, he drove R. C. Tartar (the attorney) to Frankfort, Ky., and that on the way the said R. C. Tartar discussed with him an appeal for Virgil Bobbitt, that the said Tartar informed him that he was that day filing with the Court of Appeals; he states that previously he had had a law suit with the said A. G. Colyer, and that same was discussed in connection with the Bobbitt appeal * * *."

Due to the nature of these affidavits and the check the appellees are in no position to deny or contradict them, and have not done so. They rely upon the well settled rule that the Court looks only to the record and since it is undeniably shown to have been filed too late they insist the appeal must be dismissed. Under ordinary circumstances this motion would be sustained, since it is the duty of the appellant to show that he has filed his appeal in the time required by law and his neglect or failure to do so would compel this Court to dismiss his appeal. However, in this case the appellant is contending there has been no neglect or failure on his part, but on the contrary he has diligently prosecuted his appeal, and the neglect or failure, if any, is not with him. He is insisting his appeal was brought within the time allowed by law, and he files with the record his affidavits and cancelled check to support this fact. In view of the response we are inclined to uphold his contention. Where he has shown that the record was delivered to the clerk within the time allowed by law, together with the filing fee, the appeal should not be dismissed on the ground the filing date was not endorsed upon the record until the filing date had expired. The motion to dismiss the appeal is overruled. See Dreher v. Guaranty Bond & Finance Co., 193 La. 757, 192 So. 246, which involved circumstances very similar to those just discussed.

The appellant owned two used automobiles which he sold to Estill Cundiff for $500. Cundiff desired to trade in one of them on a new car, but needed, in addition to the used car, $100, which he got from the appellant. After purchasing the new car from the appellee, Colyer, on March 11, 1938, and obtaining his bill of sale, it developed he also needed $30.50 to pay the usage tax

before he could get a license. This sum he also got from the appellant and obtained his license on March 12, 1938. On this same date the appellant and Cundiff entered into a mortgage contract which recited, in effect, that Cundiff had purchased the two used cars, one of which he traded in on a new Pontiac, and had borrowed the additional $130.50 to complete the trade. The contract further recited that the appellant was to have a lien upon the new car as well as the used one retained, to the full amount of the debt, and Cundiff was to execute a note for $630.50 bearing six per cent interest and payable at the rate of $25 per month, the interest to be added to each payment. In the event any three payments became due and unpaid, all were to become due and the cars forfeited to the appellant. This contract was signed by the appellant and Cundiff, and, although not a recordable instrument under our statutes, the appellant had it recorded in the County Clerk's office on March 21, 1938. On that date Cundiff signed a note to Colyer for $806.58, and also a conditional sales contract and mortgage to secure a balance due on the new car. One day later Colyer assigned this note and contract to his co-appellee, C. I. T. Corporation, but it was not recorded for about six months.

On September 22, 1938, Cundiff, being in arrears two payments of $25 and interest on the principal debt from April 12, 1938, an action was filed for the balance due on the note and also seeking an attachment against the property upon which a lien was claimed under the terms of the contract. On the same day the attachment was issued, and on the 23rd it was executed. Also on the 23rd the appellee, C. I. T. Corporation, filed its contract for record with the clerk of the County Court.

Subsequently Colyer brought suit and sought an attachment against Cundiff for repairs to the old Chevrolet, and C. I. T. Corporation filed its intervening petition seeking to have its lien adjudged prior and superior to the attachment lien of the appellant. In his answer to the intervening petition the appellant alleged that at the time of the levying of his attachment there was no mortgage of record on the automobiles attached. This allegation was not denied. The three actions were consolidated and tried together.

The lower court dismissed the appellant's petition, discharged his attachment, and adjudged the mortgage

upon which he relied to be void as to the car in question because it was executed nine days before the mortgagor purchased it, and further adjudged the contract and mortgage to be of no effect because it had not been acknowledged before the proper officials. It was adjudged also that the C. I. T. Corporation's lien was prior and superior to that of the appellant, and that Colyer had a lien upon both the new car and the one which he had serviced, prior and superior to all claimants.

It is obvious that the trial court was misinformed as to the date upon which the sale of the Pontiac car was effective. Before a license can be obtained for a new car the purchaser must present his bill of sale to the County Clerk, executed in accordance with KRS 186.200. While the bill of sale is not conclusive as to who is the actual owner, Higginbotham v. Higginbotham's Trustee, 253 Ky. 218, 69 S. W. (2d) 329, its execution and delivery, together with the surrender of the property therein described and the lodging of it for record is conclusive as to the date upon which the sale was consummated and is binding as to such date on the vendor and those claiming under him. The record shows, the bill of sale was executed on March 11th and presented to the clerk and license issued on the 12th. The sale was effective therefore from that date even though the conditional sales contract, note and mortgage to the vendor was not signed by the purchaser until nine days later. It was error therefore to adjudge the appellant's mortgage to be void because executed nine days before the car was purchased. Colyer properly perfected his attachment and was entitled to a lien on the old car, but the judgment sustaining his attachment as to both cars when it was issued and the levy executed only on one was error also.

The question presented by this appeal is whether the attachment levied on September 23, 1938, or the chattel mortgage lodged for record is the superior claim. The rule is that the superiority of claims depends upon the exact time of day the attachment was placed in the hands of the sheriff and the exact time of day the mortgage was lodged for record with the clerk. Since there is no evidence for either claimant to establish this essential fact, the court can only look to the record to determine which party is entitled to a judgment. Appellant filed his verified petition alleging

sufficient grounds for attachment under the Civil Code of Practice, section 194, subsection II, and also section 249. The clerk issued a general order of attachment and the sheriff levied on the cars in question.

It is argued by the appellees that the petition shows only two payments past due, and, under the note and contract, which are the basis for the petition, the action is one for a debt not due and therefore the allegations must comply strictly with section 237 of the Civil Code of Practice. Further they insist the allegations under section 249 are for a specific order of attachment, and, since the appellant had a general order of attachment issued, he is not entitled to the benefit of his allegations under this section and his attachment must be discharged. Upon examination of the petition we find that, in addition to the allegation that the defendant had failed to pay the two full installments with interest, he had also failed to pay, upon demand, the interest due according to the note for the May, June and July installments.

It is true the interest provided for is just as much a part of the contract as the principal itself, Nelson v. Chicago Mill & Lumber Corporation, 8 Cir., 76 F. (2d) 17, 100 A. L. R. 87, but when the appellant accepted the principal without the interest he waived his right to accelerate the payments, although by his demands he preserved his right to collect the interest by later action. When the payments became due the appellant could have accepted them without the interest, or rejected them and relied upon his contract after three payments were in default. We think it is clear the appellant preserved his right to collect the interest, but the total amount due at the time the action was filed did not amount to as much as three payments; therefore his action was one for a debt not due.

The law provides adequate protection under such circumstances as the appellant found himself at the time of filing his petition, but he failed to take advantage of it. His action could have been maintained under section 237 of the Civil Code of Practice had the allegations in his petition conformed strictly with its provisions, but he made no such allegations. As his petition stands he could have succeeded had he perfected a specific attachment as provided for in section 249 of the Civil Code of Practice. He properly asked for a general and spe-

cific order of attachment, but, as the clerk had no authority to act under this section by reason of section 251, the specific order of attachment must fail. Commercial Credit Co. v. Martin, 275 Ky. 548, 122 S. W. (2d) 135.

Therefore, the judgment discharging the appellant's attachment and adjudging C. I. T. Corporation a superior lien is affirmed. So much thereof as adjudges the appellant's contract and mortgage to be void and of no effect, and adjudges Colyer a lien on both cars, is reversed, with directions to enter a judgment in conformity with this opinion.