## Noe v. O'Neil.

February 16, 1951.

J. B. Johnson, Judge.

R. L. Pope and Oscar Black for appellant.

Glenn H. Stephens, L. O. Siler and Thomas F. Young for appellee.

JUDGE SIMS—Affirming.

This is the second appeal of this case. Our former opinion reported in 301 Ky. 472, 192 S. W. 2d 366, under the style of O'Neil v. Noe, gives a clear and concise statement of the facts involved and they will not be restated here, except when necessary for an understanding of the issues raised on this appeal.

The parties here will be referred to as plaintiff and defendant, the positions they occupied in the trial court. There have been four trials of the case. The first resulted in a verdict for the plaintiff in the sum of $2500, but that judgment was reversed for the reasons set out in the first opinion. There was a hung jury on the second trial. On the third trial there was a verdict of $5000 for plaintiff but the trial judge set it aside, without indicating his reasons for so doing, to which ruling plaintiff objected and filed her bill of exceptions. A verdict was returned for defendant on the fourth trial and the court overruled plaintiff's motion for a new trial, as well as her motion to substitute the verdict on the third trial for that rendered on the fourth and to enter judgment for her in the sum of $5000.

At the outset we are confronted with a question of procedure. It was on Oct. 17, 1947, when the trial court overruled plaintiff's motion to which we have just referred. The record was filed in the office of the clerk of this court on Oct. 17, 1949, and the defendant asks that the appeal be dismissed because it was not filed within two years from the date on which the final order was made, as required by Civil Code of Practice sec. 745, citing Board of Councilmen of City of Frankfort v.

Farmers' Bank of Kentucky, 105 Ky. 811, 49 S. W. 811; Sickmeier v. Merchants & Mechanics Loan & Bldg. Ass'n of Newport, 291 Ky. 182, 163 S. W. 2d 475; Kudelle v. Vizzard Inv. Co., 194 Ky. 604, 240 S. W. 54. These authorities sustain defendant's position that sec. 745 of the Civil Code of Practice is mandatory; also, that the two years within which an appeal may be taken from an order entered on October 17, 1947, expired on Oct. 16, 1949.

But plaintiff's attorney filed his affidavit to which was attached the receipt the express company took from the clerk of this court when it delivered to him the record. This receipt shows the record was delivered to the clerk's office and receipted for by his deputy on Oct. 14, 1949. Also attached to his affidavit is his cancelled check for $5 dated October 12, 1949, payable to the clerk for the filing fee. The affidavit shows this check was included in the express package containing the record.

Ordinarily, we look only to the record on a motion to dismiss an appeal for not having been filed in time. But here plaintiff conclusively shows the record and his check were delivered to the clerk's office on Oct. 14, 1949. He did all the law required of him when he delivered the record and his check to the clerk on Oct. 14, 1949, and should not be held responsible for the clerk's failure in not filing the record, or endorsing thereon that it was filed, until Oct. 17th. The motion to dismiss the appeal is overruled. See Bobbitt v. Cundiff, 296 Ky. 802, 177 S. W. 2d 596.

Plaintiff's brief does not call attention to any error made on the fourth trial, therefore we are only concerned with the one question of whether the trial judge abused his discretion in setting aside the $5000 verdict for plaintiff on the third trial. Defendant's motion for a new trial set out ten grounds among which were the court erred: 1. in permitting plaintiff to file the second amended petition; 2. in allowing plaintiff to introduce in rebuttal testimony that defendant had repaired the steps after the accident; 3. the verdict for $5000 was grossly excessive.

As was said in the first opinion, the petition, though ineptly drawn, stated a cause of action. It averred the accident happened on Sept. 9, 1944, and was caused by

defendant's negligence in permitting the lighting to get out of repair and causing the stairway to be dark; also, in not providing handrails. The first amended petition corrected an allegation as to defendant being incorporated and, after repeating the averments that he negligently failed to properly light the steps and hallway, stated the "floor planks at the head of the steps was defective, broken or worn away." The second amended petition was tendered on Oct. 18, 1946 (which was more than two years after the accident), and was subsequently filed. This pleading averred the top step was "split, cracked and bursted * * * and had been in such condition for several months, and it was said defective condition which pitched her forward and threw her down said stairway." For the first time in this second amended petition reference was made to the top step being defective. Defendant argues this amendment changed plaintiff's cause of action and as it was tendered and filed more than a year after the accident, it was barred by the one year statute of limitation, KRS 413.140.

The rule is that an amendment is not barred by limitation if it does not introduce a new claim or different cause of action but merely restates in a different form the cause of action originally pleaded. 34 Am. Jur. "Limitation of Action," sec. 260, p. 211; Smith v. Bogenschultz, 14 Ky. Law Rep. 305, 19 S. W. 667, 20 S. W. 390; Louisville & N. R. Co. v. Greenwell's Adm'r., 155 Ky. 799, 160 S.W. 479; O'Brien v. M. & P. Theatres Corp., 72 R. I. 289, 52 A. 2d 781, 171 A. L. R. 1081. See annotations following the O'Brien opinion 171 A. L. R. 1087.

The Smith opinion is conclusive on this point in the instant case. There, a laborer was injured by molten iron spilling from a ladle. His original petition alleged a fellow workman jostled him in a narrow passway causing the metal to spill. The court gave a directed verdict for defendant because plaintiff was familiar with the passway and its width. In an amendment filed more than a year after the accident, plaintiff averred the molten metal was spilled by reason of the defective ladle in which he was carrying it. It was written in the Smith opinion the cause of action was the spilling of the metal from the ladle and the fact that plaintiff averred a different cause for the spilling of it in his amended peti-

tion from that set out in the original petition, did not change his cause of action.

Nor did the court err on the third trial in permitting plaintiff to prove in rebuttal that defendant had repaired the steps subsequent to the accident, after defendant had testified the steps at that time were in the same condition they were in when the accident occurred. While evidence of subsequent changes in conditions or repairs to premises is not admissible to prove the owner's negligence, Ky. & W. Va. Power Corp. v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 170 A.L.R. 1, yet where defendant testified the premises are in the same condition at the time of trial as they were when the accident happened, plaintiff may rebut such testimony by showing that repairs were made subsequent to the accident. 20 Am. Jur. "Evidence" sec. 282, p. 267; Smith v. Twin State Gas & Electric Co., 83 N.H. 439, 144 A. 57, 783, 61 A.L.R. 1015, 1026.

We now approach the main question in the case, did the court abuse his decretion in granting a new trial after the jury returned a $5000 verdict for plaintiff? It is the long-established rule of this court not to interfere with the broad discretion of a trial judge in granting a new trial, unless it plainly appears he abused it. As said in McLemore v. Evansville & Bowling Green Packet Co., 160 Ky. 566,169 S.W. 1006, "The trial judge is generally acquainted with the parties and the witnesses, sees and hears them testify, and is familiar with occurences upon the trial which cannot be transmitted to this court in a written record." The trial judge's discretion is not absolute but is a judicial one. If it is clear that the new trial was granted because the court took an erroneous view of the law of the case, his order granting a new trial will be set aside by us. Norvell v. Paducah Box & Basket Co., 157 Ky. 703, 163 S.W. 1106.

In the instant case the record does not disclose upon which of the assigned ten grounds the court granted the new trial; therefore, we cannot say he took an erroneous view of the law of the case in granting the new trial. The judgment on the first trial was for $2500 and one of the grounds upon which we reversed it was there was no evidence upon which the court could have based an instruction given on permanent injury. The second trial resulted in a hung jury. On the third trial the medical

testimony shows plaintiff suffered no broken bones but did suffer severe bruises and muscular injuries. Dr. J. E. Parker, whose deposition was taken in behalf of plaintiff but read to the jury by defendant's attorney, testified he did not know whether plaintiff's injuries are permanent. Dr. H. W. Terrill, testifying in behalf of plaintiff, stated that while her injuries were muscular, he believed them to be permanent.

From the lay and medical testimony introduced on the third trial, it is evident that this is a border line case on the question of whether plaintiff suffered permanent injuries. If her injuries are permanent, the $5000 verdict is not excessive; if her injuries are not permanent, the verdict is excessive. But the question confronting us is not whether the verdict is excessive but whether the trial judge abused his discretion in granting a new trial. In a case as close as this we cannot say the trial judge abused his discretion in granting a new trial on the third hearing. In Clark v. Bean, 267 Ky. 238, 101 S.W.2d 930, it was written that when the question is "near the border line" we cannot hold the trial judge abused his discretion in granting a new trial.

The judgment is affirmed.