## HARLOW v. DICK.

Court of Appeals of Kentucky.
Jan. 25, 1952.

Benjamin Mazin, Louisville, for appellant.

James Shaw, Louisville, for appellee.

STANLEY, Commissioner.

This is an action to recover on a breach of contract of sale and of a claimed warranty of a used automobile. The court directed a verdict for the defendant at the close of all the evidence and entered judgment dismissing the petition.

The appellant, Hugh Harlow, purchased the car from the appellee, E. L. Dick, doing business as Dick Auto Sales, under a conditional sales contract. He gave in exchange a car he owned and paid $175. He subsequently paid monthly installments and considerable sums in undertaking unsuccessfully, as he stated, to make the machine operate satisfactorily. Several months later he stopped paying the installments and voluntarily surrendered the automobile to the assignee of the lien and brought this action to recover $1,588.48.

The court ruled incompetent testimony of a parol guarantee or warranty because the written contract stipulated "No warranties, express or implied, have been made by the seller unless endorsed hereon in writing." We think the ruling was proper. Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423. Therefore, so far as the action was based on a claimed warranty is concerned, the peremptory instruction was proper.

The plaintiff never received a bill of sale as described in KRS 186.200 or the receipt evidencing license registration as provided in KRS 186.190(3), which reads as follows: "No person shall sell or trade any motor vehicle without transferring by indorsement of the owner and delivering to the purchaser, the clerk's receipt for the registration fee for the current year." KRS 186.-190(5) provides that the receipt, with a copy of the bill of sale, shall be filed by the purchaser of an automobile with a county court clerk as a prerequisite of the issuance of a license and registration plates. It is further provided that, "The purchaser shall have in his possession a receipt showing the transfer before the motor vehicle is operated upon any highway."

The plaintiff's testimony is to the effect that at the time of the sale and delivery of the car to him and upon several occasions thereafter he had insisted with Dick that he be given the registration receipt. The defendant denies this. However, he admits that he did not supply these papers and in substance undertakes to excuse the dereliction by saying that he had relied upon one of his managers or clerks to attend to the matter.

We have held that a bill of sale is not conclusive evidence on a question of title and ownership of an automobile. Bevins v. Ford, 302 Ky. 346, 194 S.W.2d 657.

618

In the present case it is shown that the car was registered in the name of William Moore and, so far as the record was concerned, that title remained in Moore and was never transferred to Dick Auto Sales. If any technical question be raised that a conditional sales contract was intended to place entire title in the purchaser of the automobile, cf. Cartwright v. C. I. T. Corp., 253 Ky. 690; 70 S.W.2d 388, there can be no quibble that there was a "trade" within the terms of KRS 186.190(3) which requires the delivery of the instruments to the person to whom the machine was traded. Under the statutes, the purchaser never got what he was entitled to. Without a bill of sale conforming to the requirements of 186.200, Harlow could not obtain a license for the car, Bobbitt v. Cundiff, 296 Ky. 802, 177 S.W.2d 596, and without the registration receipt he could not obtain a license or legally operate the car upon any highway. If the purchaser did all that he reasonably could to obtain these papers and was denied them, as he testified, in our opinion he proved a failure of consideration and was entitled to rescind the contract or recover damages for its breach.

■ The court excluded evidence that the defendant, E. L. Dick, had been convicted of violating KRS 186.190(5) and fined $10.00. KRS 186.990(4). This is the very section upon which the cause rests in part. In Wolff v. Employers Fire Insurance Co., 282 Ky. 824, 140 S.W.2d 640, 130 A.L.R. 682, we held for the first time that a judgment of conviction of a penal offense was admissible as a relevant circumstance in a civil action involving the same facts as were determined in the criminal prosecution. The rule was recognized in Greenwell's Adm'r v. Burba, 298 Ky. 255, 182 S.W.2d 436; Beavin v. Commonwealth, ex rel. Whitworth, 308 Ky. 522, 215 S.W.2d 119; Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626. This is in accord with the modern concept of admissibility of a judgment of conviction as prima facie (permitting explanation or rebuttal) but not conclusive evidence. The rationale is

that the safeguards afforded an accused under criminal procedure are greater than those in a civil action so that he has no cause for complaint that an adverse decision arrived at under such restraints should be used against him. One state, Virginia, admits it as conclusive evidence, giving it the effect of estoppel. Note 18 A.L.R.2d 1289. In some jurisdictions such evidence is excluded where the conviction was for a minor traffic violation or another offense of the kind in inferior courts where the safeguards afforded the accused may be more or less perfunctory and a modest fine may be accepted as a matter of convenience. Note 18 A.L.R.2d 1290. We need not express an opinion as to that here for the defendant had a trial under an indictment and was found guilty by the verdict of a jury in the circuit court.

Upon another trial the court should admit evidence of the conviction.

The judgment is reversed.