**BROOKS et al. v. WILLIAMS.**

Court of Appeals of Kentucky.

May 21, 1954.

Robert J. Watson, Middlesboro, for appellants.

Arthur Rhorer, Middlesboro, for appellee.

MOREMEN, Justice.

Appellant, Whit H. Brooks, on April 8, 1948, was a resident of the State of Michigan and the owner of an Oldsmobile sedan which was registered in that state. The car was in the State of Kentucky and appellant, Gaines Williamson, was the agent for its sale. Appellee, E. V. Williams, entered into a contract for the purchase of the car for the sum of $2,600. He paid $1,300 in cash and executed to Whit H. Brooks a promissory note in the principal sum of $1,300 which recited that it would be secured by a chattel mortgage on the automobile. This note was later assigned by Brooks to Williamson.

Thereafter, appellants filed suit on the note and prayed judgment for its entire amount with interest. Appellee filed answer and counterclaim in which, in substance, it was alleged that at the time the note was executed it had been agreed by the parties that appellee would be given a bill of sale so that he could acquire legal title and register such bill of sale as is required by law. It was further averred that thereafter appellee had demanded a

bill of sale from the owner through his agent but they had failed and refused to deliver it to him thus depriving appellee of his ownership and title to the automobile with the result that he was unable to obtain insurance coverage on it. It was further averred that on January 27, 1949, while appellee was operating the automobile, it was demolished in a collision with a truck. Appellee counterclaimed for the sum of $1,300 on the ground that he too lost his $1,300 interest in the car which he had by reason of the money he had paid in cash at the time of the sale. The case was submitted to a jury which returned a verdict in favor of appellee on his counterclaim in the sum of $500.

■ Appellants contend that they were entitled to a peremptory instruction because the title to the automobile had passed to appellee. We find that the evidence introduced does not support this contention because no bill of sale satisfying the requirements of the Kentucky law was executed. It is true that the record contains title instruments on forms acceptable to the Michigan authorities and the reverse side of these instruments contains formal words and spacing for the assignment or conveyance of the vehicle. However, these spaces were left unfilled and no attempt was made to transfer the automobile in this manner. It is true that some evidence appears in the record to the effect that a separate paper was used for this purpose but we believe that the jury had no alternative other than to find that title had not been transferred either according to the law of Michigan or the law of Kentucky.

In Harlow v. Dick, Ky., 245 S.W.2d 616, 618, under a similar condition of facts where a purchaser of an automobile had never received a bill of sale as described in KRS 186.200 or a receipt evidencing license registration as provided in KRS 186.190(3), we held that the consideration for the contract had failed, saying:

"Under the statutes, the purchaser never got what he was entitled to. Without a bill of sale conforming to the requirements of 186.200, Harlow could not obtain a license for the car, Bobbitt v. Cundiff, 296 Ky. 802, 177 S.W.2d 596, and without the registration receipt he could not obtain a license or legally operate the car upon any highway. If the purchaser did all that he reasonably could to obtain these papers and was denied them, as he testified, in our opinion he proved a failure of consideration and was entitled to rescind the contract or recover damages for its breach."

■ Appellants insist that the instructions were erroneous and in this we believe they are correct. Appellee offered eight instructions which were accepted and given by the court. These instructions present several issues which were not presented by the pleadings and proof and we believe beclouded the simple issue between the parties. As we view the case, the question seems to be whether appellants are entitled to recover on the note as alleged in the petition or if, because the contract of sale was breached, appellee is entitled to recover on his counterclaim. The propriety and substance of instructions must always be determined by the facts in the particular case and if some question raised by the pleadings is completely resolved by the evidence that was introduced, there is no need to submit that question to the jury. For instance, a fault in the instructions was that it was necessary for the jury to find in effect that the note was procured from the defendant by fraud and misrepresentation as to the ownership of the automobile and the promise to execute in the future a bill of sale to said automobile by which the appellee was induced to purchase it. It is a general rule that fraud must relate to a present or pre-existing fact and cannot ordinarily be predicated on representations or statements that involve mere matters of futurity or things to be done or performed in the future. Am.Jur., Fraud and Deceit, Section 35. If, by the terms of a contract, a person promises to perform an act in the future and fails so to do, the failure is a breach of contract, not a fraudulent or deceitful act, as we understand the term in law.

We have concluded that the instructions in this case contained so much extraneous matter that the general rule that only the salient facts and the simple questions necessary for determination of the case be submitted to the jury was violated. Upon a retrial of the case, if the evidence is substantially the same, questions concerning: (1) original ownership of the car, (2) fraud and misrepresentation, (3) whether or not appellant, Gaines Williamson, purchased the note with knowledge of the alleged fraud and misrepresentation, and (4) whether appellant, Gaines Williamson, was holder in due course, should be eliminated.

For the reasons given the judgment is reversed and the case remanded for proceedings consistent with this opinion.